UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                              Case Number: 15-14093-13

AARON J. LOFTON and
LINDA L. LOFTON,

          Debtors.

---

AARON J. LOFTON and
LINDA L. LOFTON,

          Plaintiffs,
   v.                                              Adversary Number: 16-41

BENEFICIAL FINANCIAL I INC.
and PORTFOLIO RECOVERY
ASSOCIATES LLC,

          Defendants.

---

## **DECISION**

To decide Beneficial Financial I Inc.'s ("Beneficial") motion for summary judgment, the Court recites the following facts alleged or presented with the motion or its defense without determining whether they could be proved at trial. All inferences drawn from the facts are in favor of the nonmoving parties.

In August 2004, the Debtors, Aaron and Linda Lofton (the "Loftons"), signed and delivered a Loan Repayment and Security Agreement and a Mortgage to Beneficial Financial Wisconsin Inc. (the "Note and Mortgage"). Beneficial Financial Wisconsin Inc. merged with Beneficial in 2009. Beneficial engages in lending money and servicing accounts which are secured by residential mortgages. It serviced the Lofton Note and Mortgage. The Note and

Mortgage were subordinate to the lien of the Wisconsin Housing and Economic Development Authority ("WHEDA").

In April 2009, Beneficial commenced a foreclosure action in Jefferson County, Wisconsin. Beneficial and the Loftons were both represented by counsel in that action. That case was dismissed in 2013. It was then reopened, dismissed, and reopened. After various motions, a judgment of foreclosure was entered in April 2015 and amended in May 2015. Motions to reopen, stay confirmation, and to assert counterclaims were filed. The Loftons filed this bankruptcy thereby staying proceedings in the Jefferson County action.

WHEDA commenced its own foreclosure action in 2015. Judgment of foreclosure was granted. A Sheriff Sale was conducted in that action. Apparently, Beneficial was the highest bidder at that sale.

The Loftons filed a Chapter 13 petition on November 16, 2015. They then filed this adversary proceeding seeking damages from Beneficial and Portfolio Recovery Associates, LLC. They allege that if Beneficial transferred servicing of the Note and Mortgage in approximately August 2015, then Beneficial violated Wis. Stat. § 224.77 by failing to comply with its obligations to provide notice of the transfer of loan services under the Real Estate Settlement Procedures Act ("RESPA"). Alternatively, the Loftons allege Beneficial violated Wis. Stat. § 224.77 by denying it held, owned or serviced the loan, thus misleading the Loftons. The Loftons assert these violations give rise to a private remedy entitling them to damages under Wis. Stat. § 224.80. Beneficial has filed a motion for summary judgment seeking dismissal of the adversary proceeding.

**DISCUSSION**

A. <u>Jurisdiction</u>

Federal "district courts shall have original and exclusive jurisdiction of all cases under title 11" (the "Bankruptcy Code"). 28 U.S.C. § 1334(a). Federal district courts also have "original but not exclusive jurisdiction of all civil proceedings arising under title 11" of the United States Code, "or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Consistent with 28 U.S.C. § 157(a), district courts may refer these cases to the bankruptcy judges for their districts. As is the case in the Western District of Wisconsin, the District Court has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin. W.D. Wis. Admin. Order 161 (July 12, 1984).

A bankruptcy court to whom a case has been referred may hear and determine all cases under the Bankruptcy Code and any "core" proceeding arising under the Bankruptcy Code or arising in a case under the Bankruptcy. 28 U.S.C. § 157(b)(1).

This case was originally assigned to Judge Martin. He entered an Order on August 29, 2016, designating this case as a "non-core" proceeding (ECF No. 21). Thus, absent consent, this case would be adjudicated in accordance with 28 U.S.C. § 157(c)(1). Section 157(c)(1) provides that a bankruptcy judge may hear a non-core proceeding that is otherwise related to a case under title 11. 28 U.S.C. § 157(c)(1). In non-core proceedings, section 157(c)(1) directs the bankruptcy judge to "submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the

3

district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." *Id.*

In a prior motion to dismiss, Beneficial initially argued that this Court lacked constitutional authority under *Stern v. Marshall*, 564 U.S. 462 (2011), to enter a final judgment. (ECF No. 6). However, in its brief in support of summary judgment, Beneficial unequivocally consents to entry of a judgment by this Court pursuant to the holding in *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015). (ECF No. 36 at 4 n.1). The Loftons have also consented.

The original pleadings in this matter were filed and Judge Martin's Order was issued prior to the effective date of amendments to the Federal Rules of Bankruptcy Procedure. The amendments, effective December 1, 2016, contain two provisions that are particularly applicable in this matter. In relevant part, those Rules provide:

> **Rule 7008. General Rules of Pleading**
>
> Rule 8 F.R.Civ.P. applies in adversary proceedings. ... In an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court.

**Rule 7016. Pre-Trial Procedures**

. . .

**(b) Determining procedure**

The bankruptcy court shall decide, on its own motion or a party's timely motion, whether:

(1) to hear and determine the proceeding;

(2) to hear the proceeding and issue proposed findings of fact and conclusions of law; or

(3) to take some other action.

Read together, these rules leave to the discretion of the bankruptcy court the appropriate course of action for proceedings. The discretion is informed by the parties' statements and consent considering the provisions of Rule 7008(a). *See* Committee Notes on Rules – 2016 Amendment to Fed. R. Bank. P. 7008 and 7016.

Despite this matter having been determined to be non-core, the parties have consented to the entry of final orders and judgments by this Court. The Court has also considered judicial economy. I conclude that the interests of judicial economy favor the exercise of discretion to enter final orders and judgments in this matter rather than preparing and forwarding proposed findings and conclusions and judgments to the District Court.

B. Summary Judgment

The standard for summary judgment is undisputed. Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

5

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a), *incorporated by* Fed. R. Bankr. P. 7056; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In analyzing whether a question of material fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. Material facts are those facts that under the applicable substantive law "might affect the outcome of the suit." *Id.* at 248.

In opposing a motion for summary judgment, a party cannot merely rest on allegations in the pleadings or on conclusory allegations in an affidavit, but must come forward with specific evidence that a material factual issue exists that must be decided at trial. *See Valentine v. Joliet Twp. High School Dist.*, 802 F.2d 981, 986 (7th Cir. 1986); *Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 675 (7th Cir. 1990); *Mestayer v. Wisconsin Physicians Service Ins. Corp.*, 905 F.2d 1077, 1079 (7th Cir. 1990). Additionally, however, summary judgment may also be granted in favor of the nonmoving party and against the movant provided "'the moving party against whom summary judgment [is] rendered had a full and fair opportunity to ventilate the issues involved in the motion.'" *United States v. Angwin (In re Angwin)*, Ch. 7 Case No. 15-11120-B, Adv. No. 15-01080, 2016 Bankr. LEXIS 1733, at *7 (Bankr. E.D. Cal. Apr. 5, 2016) (*quoting Cool Fuel Inc. v. Connett*, 685 F.3d 309, 312 (9th Cir. 1982)).

The Loftons' Complaint contains a claim against Beneficial under Wis. Stat. § 224.77 and seeks damages under Wis. Stat. § 224.80. Various

prohibited practices for mortgage bankers and mortgage loan originators are identified in Wis. Stat. § 224.77. Section 224.77(1)(k) bars these entities from violating "any federal or state statute, rule, or regulation that relates to practice as a mortgage banker, mortgage loan originator, or mortgage broker." Wis. Stat. § 224.77(1)(k). Accordingly, 12 U.S.C. § 2601, commonly referred to as the Real Estate Settlement Procedures Act ("RESPA"), applies.

    C.   Claims for Violation of Wis. Stat. § 224.77(1)(m)

The Loftons argue Beneficial "improperly and fraudulently" denied that it held, owned, or serviced their loan, which constitutes a violation under Wis. Stat. § 224.77(1)(m). Wis. Stat. § 224.77(1)(m) provides "[n]o mortgage banker, mortgage loan originator, [or] mortgage broker . . . may . . . [e]ngage in conduct . . . that constitutes improper, fraudulent, or dishonest dealing."

Following a foreclosure judgment in favor of Beneficial, the Loftons state they attempted to contact Beneficial to work out a loan agreement on their second mortgage. The opposition to summary judgment are affidavits of Linda Lofton and a paralegal for the Loftons' attorney. The affidavits say Ms. Lofton and the paralegal conducted an internet search to locate contact information for Beneficial. There is no explanation as to the reason they did not call the number listed in any of the various notices or pieces of correspondence from Beneficial to the Loftons or why counsel for Beneficial was not asked to provide a phone number or person to contact to discuss a possible loan modification. The search generated a phone number for Beneficial. Linda Lofton called that number and was instructed she needed to contact HSBC. The affidavits do not

7

state the number called nor do they identify the person who answered. The paralegal and Ms. Lofton then say they contacted HSBC and were told it no longer held the Note because it was transferred to Portfolio Recovery Associates. Calls to Portfolio Recovery Associates were also unsuccessful according to Ms. Lofton. After this adversary proceeding was commenced, a person at HSBC was apparently reached who, it is alleged, confirmed HSBC held and serviced the Note but that further information would require authorization.

The Loftons assert this conduct violated Wis. Stat. § 224.77(1)(m), entitling them to damages under Wis. Stat. § 224.80(2).

It is the Loftons' burden to demonstrate with sufficient evidence that Beneficial's conduct violated Wis. Stat. § 224.77(1)(m). *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 591 (7th Cir. 2016). The Loftons initially contacted Beneficial through a phone number Linda Lofton located on-line. Per Ms. Lofton, Beneficial informed her that she needed to contact HSBC Bank to obtain information regarding her loan.[1] The remainder of Ms. Lofton's phone communications took place with either Portfolio Recovery Associates or HSBC Bank. Construing the foregoing in a light most favorable to the Loftons, it is unclear how Beneficial's conduct was improper under Wis. Stat. § 224.77(1)(m). The Loftons failed to call phone numbers provided in writing from Beneficial. They also did not simply have their attorney contact

---

[1] The parties dispute whether HSBC's representations to Ms. Lofton fall under Fed. R. Evid. 803(2)'s hearsay exception.

Beneficial's attorney for a phone number. Instead, the Loftons initially decided to proceed without assistance and to rely on an internet search. When that did not produce hoped-for responses, a paralegal for their lawyer simply repeated an unproductive internet search rather than asking (or having Attorney Pagel ask) for the correct telephone number to use to contact Beneficial. These failed communications were not initiated or continued by Beneficial. To the contrary, it was solely the actions of the Loftons and a paralegal that resulted in these fruitless communications. There is no evidence that if the Loftons had used the telephone numbers contained in Beneficial's written communications the contacts would have been as confusing, unsatisfying, improper, fraudulent, or dishonest.

### D. Claims Asserted Under RESPA

"RESPA is a consumer protection statute that regulates the real estate settlement process, including servicing of loans and assignment of those loans." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 680 (7th Cir. 2011). Beneficial does not dispute that it is subject to RESPA. Relevant here, section 2605(b) requires servicers to give notice to borrowers "in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1).

The Loftons allege Beneficial violated RESPA by failing to notify them that it had become the servicer for their Note and Mortgage in 2015. This assertion rests entirely on the reported telephone calls to phone numbers located, initially, through Lofton's internet searches. Beneficial responds that notice is

9

not required under 12 C.F.R. §§ 1024.33(b)(2)(i)(A) and (B) because it merged with Beneficial Wisconsin Inc. and a transfer under federal law did not occur. Further, there is no evidence in the record to support an allegation that any change in servicer actually occurred. To the contrary, the evidence confirms no such change happened.

Prior to June 16, 2014, RESPA's implementing regulations clarified that transfers resulting from a merger did not constitute a transfer under 12 U.S.C. § 2605. 24 C.F.R. § 3500.21(d) (2014). Through the Dodd-Frank Act, Congress transferred from the Department of Housing and Urban Development ("HUD") to the Consumer Financial Protection Bureau ("CFPB") the authority to administer, enforce, and otherwise implement RESPA. 12 U.S.C. §§ 5581(b)(7)(A) and (B) (Dodd-Frank Act § 1601). Thus, the CFPB promulgated RESPA regulation 12 C.F.R. § 1024.33(b)(2).[2] Section 1024.33(b)(2) creates an exception to the notice of transfer of servicer requirement due to a merger or acquisition provided, however, "there is no change in the payee, address to which payment must be delivered, account number, or amount of payment due." 12 C.F.R. § 1024.33(b)(2).

Beneficial asserts that by way of merger on October 1, 2009, with Beneficial Financial Wisconsin Inc., it acquired all of Beneficial Financial Wisconsin Inc.'s residential loans, which included the Loftons' loan. The Loftons concede in their response that "the paperwork Beneficial Financial submitted to the state court does not show a 'merger' of any sort. It shows an

---

[2] Effective October 3, 2015.

10

*acquisition* of some sort." (ECF No. 53) (emphasis in original). Section 1024.33(b)(2)(i)B explicitly includes acquisitions under the notice exception to 12 U.S.C. § 2605(b). 12 C.F.R. § 1024.33(b)(2)(i)B. Accordingly, so long as Beneficial's merger and/or acquisition of Beneficial Financial Wisconsin Inc. did not alter the Lofton's payee, the address to which payment must be delivered, the Loftons' account number, or the amount of payment due, no notice was required. *See id.* Further, if no change in these items occurred in 2015, no notice would have been required at that time.

Unfortunately, it is not clear from Beneficial's Affidavit in support of summary judgment whether its merger or acquisition with Beneficial Financial Wisconsin Inc. left intact the Loftons' payee, the address to which the Loftons were to deliver payment, the Loftons' account number, and the amount due. Nor is there confirmation that no changes occurred in 2015. Without these facts, the Court cannot determine whether Beneficial's merger with Beneficial Financial Wisconsin Inc. satisfies 12 C.F.R. § 1024.33(b)(2)(i)B's notice exception to 12 U.S.C. § 2605(b). This constitutes a material fact that may affect the outcome. Thus, based on the facts presented, the Court cannot determine whether 12 C.F.R. § 1024.33(b)'s notice exception is met.

E. <u>Damages</u>

A private cause of action is provided for "[a] person who is aggrieved by an act which is committed by a mortgage banker, mortgage loan originator, or mortgage broker in violation of [Wis. Stat. § 224.77]." Wis. Stat. § 224.80(2).

To survive summary judgment, there must be "adequate evidence of [an] injury under the statute . . . ." *Diedrich*, 839 F.3d at 591. Put another way, "the non-moving party must show evidence sufficient to establish every element that is essential to its claim and for which it will bear the burden of proof at trial." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 349 (7th Cir. 2015). This means the Loftons must allege sufficient facts to demonstrate they were injured and that Beneficial was responsible. *See Avudria v. McGlone Mortg. Co.*, 2011 WI App 95, ¶31, 334 Wis. 2d 480, 494, 802 N.W.2d 524, 531 (concluding under Wis. Stat. § 224.80(2) that a person is "aggrieved" "if he or she can show some injury or damage").

Even if the foregoing conduct did constitute a violation under Wis. Stat. § 224.77(1)(m), the Loftons have presented no evidence showing they were "aggrieved" by Beneficial. The Loftons contend they were actually harmed by Beneficial's conduct in that they 1) incurred attorney's fees to ascertain who held their loan, 2) continued to pay their first mortgage holder (WHEDA) money they would have committed to other housing, and 3) suffered undue emotional stress because of not being able to determine who held their loan.

Like the plaintiff in *Avudria*, the Loftons cannot establish that they were aggrieved because they have not suffered actual damages. Continuing to pay their first mortgage holder, WHEDA, while attempting to modify their second mortgage with Beneficial was a voluntary act. The Loftons were not compelled to do so. They were free to cease those payments. Such a volitional act does not

constitute actual damages caused by Beneficial. They eventually surrendered the home and WHEDA waived the deficiency.

The Loftons argue they suffered actual damages in the form of attorney's fees. Wis. Stat. § 224.80(2)(b) provides that an aggrieved person may recover "[t]he aggregate amount of costs and expenses which the court determines were reasonably incurred by the person in connection with the action, together with reasonable attorney fees[.]" The affidavits in opposition to summary judgment are devoid of evidence of injury or damages caused by a violation of Wis. Stat. § 224.77. Costs, expenses, and reasonable attorney fees under Wis. Stat. § 224.80(2)(b) are in addition to and do not constitute actual damages. Simply put, the incurred attorney's fees are not "actual damages" because such fees lack a causal connection to Beneficial's conduct. Merely having an attorney make phone calls or file suit does not suffice as harm warranting actual damages. *See, e.g., Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *Konieczka v. Wachovia Mortg. Corp.*, No. 11-C-0071, 2012 WL 1049910, at *3 (N.D. Ill. Mar. 28, 2012).

Regarding the Loftons' claim of emotional distress, they offer no medical records that substantiate the claim that they suffered emotional distress during this time. The Loftons cite *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011), for the proposition that self-reports of emotional distress are sufficient to survive summary judgment. The Loftons mischaracterize the Seventh Circuit's reasoning in *Catalan*. In that case, the plaintiffs submitted medical records and offered non-conclusory testimony about their increased

stress. *Catalan*, 629 F.3d at 696. In the present case, there are no such medical records. Instead, Linda Lofton merely attests that she suffered from "extreme worry" during the time she was "trying to find out who held [her] loan." Following a judgment, she feared losing her house because she was not able to "figure out who [her] lender was and how to contact them." All this was despite the facts she had received correspondence containing contact information, there was a judgment, and Beneficial had an attorney who appeared both in the Beneficial foreclosure action and, subsequently, the WHEDA foreclosure action.

Ms. Lofton does not describe in any way how the "extreme worry" disrupted or affected her. This conclusory statement fails to identify or support any actual injury. In reviewing the evidence in a light most favorable to the Loftons, they have not submitted sufficient evidence that they sustained actual damages in the form of emotional distress.

The Court now turns to whether the Loftons have a claim for damages under RESPA. Pursuant to 12 U.S.C. § 2605(f), "[w]hoever fails to comply with any provision of this section [RESPA] shall be liable to the borrower for . . . actual damages to the borrower as a result of the failure, and any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $ 2,000." 12 U.S.C. §§ 2605(f)(1)(A) and (B).

As described, the Loftons have not submitted sufficient evidence that they sustained any actual damages from Beneficial's conduct. With regard to

14

statutory damages under 12 U.S.C. § 2605(f)(1)(B), that section provides the Court may allow additional damages "in the case of a [creditor's] pattern or practice of noncompliance" with RESPA. *Id.* The record contains no evidence to suggest that Beneficial has engaged in a pattern or practice of noncompliance with RESPA.

## CONCLUSION

To defeat summary judgment, the Loftons must provide factual opposition that, taken in the light most favorable to them, 1) there was conduct that violated either §§ 224.77(1)(m) or (1)(k), and 2) they sustained actual damages. They have failed to do so.

The Loftons have not presented evidence in opposition to summary judgment that Beneficial improperly or fraudulently denied it held, owned, or serviced their loan. Simply because Linda Lofton and a paralegal decided the foreclosure judgment was not sufficient to identify the owner, holder, or servicer and that internet searches were preferable to using the contact information in communications from Beneficial to locate a telephone number or contact information does not provide any material factual opposition to summary judgment. The confusion, if any, was the sole product of Lofton's actions. Additionally, there is no evidence of any actual damages. For these reasons, summary judgment on the Wis. Stat. § 224.77(1)(m) claim is granted.

A merger or acquisition does not, by itself, trigger notice obligations under 12 C.F.R. 1024.33(b)(2) or 12 U.S.C. § 2605(b). In the light most favorable to the Loftons, the record is devoid of any indication whether the

15

merger or acquisition resulted in a change of payee, account number, amount due, or payment mailing address. Other than the suggestion that a change occurred based on Lofton's phone calls, there is not a shred of evidence of any actual change. Neither, however, is there any affirmative statement from Beneficiary that there was no change in 2015. Thus, from the record the Court cannot conclude whether there was conduct that might violate section 224.77(1)(k). Nonetheless, summary judgment dismissing this claim is also appropriate because even if the notice requirements were violated, there is no evidence of actual injury or damages, or that Beneficial engaged in a pattern of noncompliance.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated:  June 5, 2017

BY THE COURT:


_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge